NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| **ROBERTO JULIAN GALICIA,** | No. 14-70864 |
| Petitioner, | Agency No. A072-673-575 |
| v. | |
| **LORETTA E. LYNCH, Attorney General,** | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2016
Pasadena, California

Before:    **KOZINSKI** and **WARDLAW**, Circuit Judges, and **KORMAN**,[**] District Judge.

**1.** Galicia petitions for review of the BIA's denial of his applications for

asylum, withholding of removal and protection under the Convention Against

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Torture (CAT). We deny Galicia's petition because the agency's adverse credibility finding was supported by substantial evidence. See Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010).

Galicia failed to mention in his applications a "dramatic, pivotal event," Alvarez-Santos v. I.N.S., 332 F.3d 1245, 1254 (9th Cir. 2003), that allegedly precipitated his flight from Guatemala. During his removal proceedings in 2012, Galicia, for the first time, testified that he fled Guatemala after witnessing guerrillas kill his father before his very eyes. But in the declarations filed with his asylum applications, Galicia had stated that his father was kidnapped five days after he left Guatemala. See Pal v. I.N.S., 204 F.3d 935, 938 (9th Cir. 2000) (holding that major inconsistencies between petitioner's testimony and application support adverse credibility finding). This omission is not trivial and cannot be explained by "the normal limits of human understanding and memory." Shreshta, 590 F.3d at 1044. Based on this omission, the agency's adverse credibility determination was more than reasonable. See id. at 1041.

Galicia contends that the agency, in reaching its adverse credibility decision, didn't sufficiently consider his age at the time of the alleged persecution. Where asylum applicants claim past persecution as children, the agency must determine whether the harms they experienced rose to the level of persecution by

"measur[ing] the degree of their injuries by their impact on children of their ages." Hernandez-Ortiz v. Gonzales, 496 F.3d 1042, 1046 (9th Cir. 2007). But here, the agency didn't have to decide whether a nine year old who witnessed guerillas kill his father suffered past persecution because Galicia failed to establish that the alleged event indeed happened.

The agency's adverse credibility finding is further supported by an inconsistency between Galicia's testimony that he never returned to Guatemala and his statements to the contrary during his asylum and special rule cancellation interviews, as indicated by the immigration officers' notes. Galicia's explanation that his mother's funeral was in El Salvador, not in Guatemala, doesn't compel us to hold otherwise. It doesn't explain the time he apparently returned to Guatemala to claim his land. Moreover, Galicia couldn't have gone to El Salvador by bus, as he initially testified, without going through Guatemala. Galicia could have flown directly from Mexico to El Salvador, as he later testified, but it's implausible that he boarded the plane without any form of identification other than his birth certificate.

Relying on Singh v. Gonzales, 403 F.3d 1081 (9th Cir. 2005), Galicia argues that the immigration officers' notes cannot form the basis of an adverse credibility determination. But the features that made the asylum officer's "conclusory" notes

in his "Assessment To Refer" a "potentially unreliable point of comparison to [Singh's] testimony" are absent here.  Id. at 1087–90.  In this case, the officers took contemporaneous notes as Galicia made statements under oath, with the aid of interpreters who were also under oath.  See id.

In the absence of credible testimony, Galicia's asylum and withholding of removal claims fail.  As for his CAT claim, the government argues that Galicia waived it.  But even if he didn't, this claim would fail because it's based on the same incredible testimony, and Galicia doesn't point to any other evidence that compels us to conclude that it's more likely than not that he would be tortured if returned to Guatemala.

**2.**  We do not decide whether Galicia's asylum application was timely.  Even if the application was timely, the BIA properly denied it based on the adverse credibility determination.

**DENIED.**